

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ROBYN SILVERMINTZ<br>phone:212-442-0144<br>fax:212-788-8877<br>mobile:<br>email:rsilverm@law.nyc.gov |

August 5, 2008

VIA ELECTRONIC CASE FILING
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   Terry Gray v. Jacobi Medical Center, 07 CIV 11000

Dear Judge Scheindlin:

      I am an Assistant Corporation Counsel in the Labor and Employment Law Division of the New York City Law Department and the attorney assigned to the defense of Jacobi Medical Center ("JMC") in this action. Enclosed is the stipulation of settlement executed by the parties for your signature.

                                      Respectfully submitted,

                                      Robyn Silvermintz
                                      Assistant Corporation Counsel

VIA ELECTRONIC MAIL
Paul N. Cisternino, Esq.
Attorney for Plaintiff
The Law Office of Paul N. Cisternino
16 Briarbrook Road
Ossining, NY 10562
paulcist@justice.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TERRY GRAY,

                                  Plaintiff,

-against-

JACOBI MEDICAL CENTER,

                                  Defendant.

------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

07 CIV 11000 (SAS) (RLE)

      **WHEREAS**, plaintiff commenced this matter by filing a complaint on December 5, 2007 alleging age and disability discrimination under both Federal and State Law; and

      **WHEREAS**, on February 19, 2008, defendant filed an answer to the complaint; and

      **WHEREAS**, defendant has denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced proceeding is hereby discontinued, with prejudice, and without costs, expenses, and fees in excess of the amount specified in paragraph "2" below.

      2.    The City of New York hereby agrees to pay plaintiff the total sum of Seven Thousand Five Hundred Dollars ($7,500.00) in full satisfaction of all claims that were or could have been raised in the above referenced action, including claims for costs, expenses and

attorney's fees. This payment will be made by check jointly payable to Paul Cisternino as attorney for Terry Gray, in full satisfaction of plaintiff's claims, including any claims for costs, attorney's fees and expenses.

3. In consideration for the payment of the aforementioned sum described in paragraph "2" above, plaintiff agrees to the dismissal with prejudice of any and all rights of action or claims against defendant, Jacobi Medical Center their successors, or assigns, and the Health and Hospitals Corporation and to release defendant, Jacobi Medical Center, and any present or former officials, employees or agents of Jacobi Medical Center and the Health and Hospitals Corporation from any and all claims, liabilities or causes of action which were or could have been asserted by her based on any act, omission, event or occurrence, occurring from the beginning of the world up to and including the date of the execution of this Stipulation of Settlement and Discontinuance, including any and all claims which were or could have been alleged by her in the complaint in this proceeding, including all claims for attorney's fees, costs and expenses.

4. Plaintiff shall execute and deliver to the defendant's attorney all documents necessary to effect this settlement, including, without limitation, a general waiver and release based on the terms of the paragraphs "2" and "3" above, a substitute form W-9 to be executed by plaintiff's attorney, and an Affidavit Concerning Liens.

5. Nothing contained herein shall be deemed to be an admission by defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, Jacobi Medical Center, the Health and Hospitals Center, City of New York or any other rules, regulations or bylaws of any department or subdivision of

Jacobi Medical Center. This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of Jacobi Medical Center.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this settlement agreement regarding the subject matter of the instant action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

8. By executing this agreement, plaintiff acknowledges that in accordance with the Older Workers Benefit Protection Act (29 U.S.C. § 626), (i) she enters into this Stipulation voluntarily and with full understanding and knowledge of its consequences; (ii) she has been advised to consult with an attorney before executing this Stipulation and has been represented by counsel in connection herewith; (iii) she has been provided with at least a twenty-one (21) day period to review and consider whether to sign this Stipulation; and (iv) she has been advised that she has seven (7) days following her execution to revoke it (the "Revocation Period").

9. This Stipulation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally-executed written notice of revocation is delivered to the undersigned counsel for Jacobi Medical Center on or before 5:00 p.m. on the seventh day after the date of the plaintiff's execution of this Stipulation. If so revoked, this Stipulation shall be deemed to be void *ab initio* and have no force or effect.

10. This Stipulation may be signed in counterparts.

Dated:    New York, New York
           July 14, 2008

| | |
|---|---|
| **PAUL N. CISTERNINO, ESQ**<br>Attorney for Plaintiff<br>Law Office of Paul N. Cisternino, P.C.<br>16 Briarbrook Road<br>Ossining, NY 10562<br>(914)-941-330-1527<br>paulcist@justice.com<br><br>By: _/s/ Paul N. Cisternino_<br>      Paul N. Cisternino, Esq. | **MICHAEL A. CARDOZO**<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendant<br>100 Church Street, Room 2-118<br>New York, New York 10007-2601<br>(212) 442-0144<br>rsilverm@law.nyc.gov<br><br>By: _/s/ Robyn Silvermintz_<br>      Robyn Silvermintz<br>      Assistant Corporation Counsel |

SO ORDERED:

_____              _____
           U.S.D.J.                                                       Dated